```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
_____

MICHAEL MATTOX,                   )
                                  )
     Plaintiff,                   )
                                  )
VS.                               )   No. 19-2010-MSN-dkv
                                  )
MMHI (MEMPHIS MENTAL HEALTH       )
INSTITUTION)                      )
                                  )
     Defendant.                   )
_____

         REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL
_____
```

On January 2, 2019, the plaintiff, Michael Mattox, filed a *pro se* complaint against "MMHI (Memphis Mental Health Institution)" ("MMHI") titled "Injunction Lawsuit." (Compl., ECF No. 1.) Additionally, Mattox filed a motion to proceed *in forma pauperis*, (ECF No. 2), which the court granted on January 10, 2019, (ECF No. 6). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order. 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that the complaint be dismissed *sua sponte*.

I.  PROPOSED FINDINGS OF FACT

Mattox's two-page, type-written *pro se* complaint contains very little factual information. He asserts that MMHI "worked

with the Memphis Police Department and kidnapped . . . [Mattox] several times between the years of 2016 thru [sic] 2018." (Compl. ¶ 1, ECF No. 1.)  He is unable to recall any precise dates of the alleged kidnappings other than November 11, 2018. (*Id.*)  Mattox alleges that he was "attacked in blindspots," (*id.* at ¶ 2); "forced to take involuntary shots of medicine," (*id.* at ¶ 3); "was placed in physical restraints of the arms and legs . . . which resulted as physical coercion," (*id.* at ¶ 4); "experienced psychological coercion" because he was "required to speak to be discharged from MMHI," (*id.* at ¶ 5); and that MMHI "stopped social workers [from] sending out . . . [his] legal mail," (*id.* at ¶ 6).  Further, Mattox alleges that "MMHI stole and did not return" several items from him, (*id.* at ¶ 8), and "[u]nder compulsion & anxiety to be release[d]," Mattox "signed a contract that [he] did receive those items back without checking that all [his] property was returned," (*id.*).  Finally, Mattox claims in conclusory fashion that MMHI committed the following constitutional violations:

>     1st constitutional amendment freedom of speech; freedom not
>     to speak;
>     5th & 14th constitutional amendments of due process - denial
>     of access to courts; deprived of life, liberty & pursuit of
>     happiness
>     8th constitutional amendment cruel & unusual
>     punishment;
>     13th constitutional amendment slavery.

(*Id.* at ¶ 9.)

Mattox seeks compensatory damages in the amount of three zillion dollars for mental anguish, emotional pain and suffering, and physical pain and suffering; punitive damages in the amount of one zillion dollars; and injunctive relief in the form of a court order requiring "body cameras for all employees for protection of patients in blind spots" and instating Mattox as the "Chief Executive Officer & President over MMHI." (*Id.* at ¶ 10.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2)(B) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Mattox's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

   (i)   is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B.  <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Mattox's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive Rule 12(b)(6) following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted). Requiring the court "to ferret out the strongest cause of action on behalf of *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

C.  Mattox's Constitutional Claims

For purposes of analysis, the court will treat Mattox's "Injunction Lawsuit" as a complaint against MMHI pursuant to 42 U.S.C. § 1983 for violations of the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments.

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he or she suffered (1) a deprivation of rights secured by the Constitution or federal statutes that is (2) committed by a person acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Mattox has asserted that his constitutional rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments were violated, (Compl. ¶ 9, ECF No. 1), and has named MMHI as the sole defendant in his "Injunction Lawsuit." Because MMHI is an agency of the State of Tennessee,[1] "[a] suit against MMHI is actually a suit against the State of Tennessee." *Ward v. Shelby Cty.*, No. 05-cv-2205, 2006 WL 8435001, at *3 (W.D. Tenn. Mar. 7, 2006)(citing *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). The Eleventh Amendment bars suits against state agencies and suits in

---

[1] MMHI is one of Tennessee's Regional Mental Health Institutes, which are managed and funded by the Tennessee Department of Mental Health and Substance Abuse Services. *See* Tennessee Department of Mental Health and Substance Abuse Services, *Department Offices*, https://www.tn.gov/behavioral-health/who-we-are/who-we-are/department-offices.html (last visited March 8, 2019).

6

which the state itself is named as a defendant because "a state is not a person within the meaning of 42 U.S.C. § 1983." *Id.* at *3 (citing *Will v. Michigan*, 491 U.S. 58, 71 (1989)); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

    1.   *Mattox's Claims for Injunctive Relief*

In his complaint, Mattox discusses his experience as a former MMHI patient and requests two forms of injunctive relief: (1) a court order requiring "body cameras for all employees for protection of patients in blind spots,"[2] and (2) a court order instating Mattox as the "Chief Executive Officer & President over MMHI." A plaintiff may overcome a State's sovereign immunity and seek prospective injunctive relief if the state has consented to suit, if Congress has properly abrogated the state's immunity, or

---

[2]To the extent that Mattox is requesting relief on behalf of other patients at MMHI, although a *pro se* litigant may represent himself with regard to his own claims, he may not act in a representative capacity on behalf of others. *Salaam v. McKee*, No. 5:05-CV-97, 2006 WL 2590509, at *1 (W.D. Mich. Aug. 2, 2006), *report and recommendation adopted*, No. 5:05-CV-97, 2006 WL 2583276 (W.D. Mich. Sept. 7, 2006); *see also Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014)("'Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action.'")(quoting *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir.2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007)). Accordingly, because Mattox is proceeding *pro se*, he cannot represent the interests of other patients.

if the exception outlined in *Ex parte Young*³ applies. *See Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000).

Tennessee has not waived its sovereign immunity, Tenn. Stat. Ann. § 20-13-102(a), and Congress has not passed any legislation that "unequivocally expressed its intent to abrogate [Tennessee's] immunity" in this type of action, *Kovacevich*, 224 F.3d at 817 (internal quotation marks omitted)(quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996)). Further, the *Ex parte Young* exception does not apply in this case because Mattox named MMHI as the sole defendant in his complaint, and therefore failed to properly assert a claim against a state official in his or her official capacity. 209 U.S. 123 (1908); *see also Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 269 (1997)("The Tribe's suit, accordingly, is barred by Idaho's Eleventh Amendment immunity unless it falls within the exception this Court has recognized for certain suits seeking declaratory and injunctive relief against state officers in their individual capacities.").

---

³Under the *Ex parte Young* doctrine, a federal court can issue prospective injunctive relief against a state official in his or her official capacity to prevent future federal constitutional or federal statutory violations. 209 U.S. 123 (1908); *see also Frew v. Hawkins*, 540 U.S. 431, 437 (2004)(stating that the Eleventh Amendment permits suits against state officials for prospective injunctive relief in order to "ensure the enforcement of federal law").

Even if Mattox had properly asserted an official-capacity suit filed against a state official, his complaint does not trigger the application of the *Ex parte Young* doctrine. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760, 152 L. Ed. 2d 871 (2002)(quoting *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 296); *see also Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003)(noting that a complaint that is "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to [the plaintiff]" does not trigger the *Ex parte Young* exception). First, because Mattox is no longer a patient at MMHI, "there is no reasonable expectation that the alleged violation will recur" and "there is no basis for the court to provide [Mattox] with injunctive relief" in the form of body cameras for all MMHI employees. *Quinn v. W. Mental Health Inst.*, No. 14-cv-1140, 2015 WL 541980, at *4 (W.D. Tenn. Feb. 10, 2015)(dismissing a plaintiff's complaint requesting injunctive relief against Western Mental Health Institute because the plaintiff was no longer a patient at the facility); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)("[T]o the extent

9

[the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."). Second, instating Mattox as the "Chief Executive Officer & President over MMHI" would not provide him with a prospective remedy that would prevent the continuation of conduct that violates his rights under the Constitution or federal law. Finally, the court does not have the ability to grant Mattox's absurd and frivolous requests for injunctive relief.

Accordingly, it is recommended that Mattox's claims for injunctive relief be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### 2. *Mattox's Claims for Damages*

"[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 677 (1974)(internal citations omitted). Although Mattox titled his complaint as an "Injunction Lawsuit," he also requests relief in the form of compensatory and punitive damages. (Compl. ¶ 10, ECF No 1.) "Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits

10

suits for damages against a state in federal court." *Hixon v. Tennessee*, No. 14-cv-1087, 2015 WL 1486362, at *2 (W.D. Tenn. Mar. 31, 2015); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Pennhurst*, 465 U.S. at 98-100; *Quern v. Jordan*, 440 U.S. 332, 343-45 (1979). Under Tenn. Stat. Ann. § 20-13-102(a), Tennessee has not waived its sovereign immunity and Mattox has not asserted that MMHI violated a federal statute that abrogates Tennessee's immunity in this action.

Therefore, it is recommended that the court dismiss Mattox's claims for compensatory and punitive damages pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief.

### III. RECOMMENDATION

For the foregoing reasons, the court recommends that Mattox's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and § 1915(e)(2)(B)(iii) for seeking monetary relief from a defendant who is immune from such relief.

Respectfully submitted this 8th day of March, 2019.

                                          _/s/ Diane K. Vescovo_____
                                          DIANE K. VESCOVO
                                          Chief United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.

A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.