# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MICHAEL MATTOX,

    Plaintiff,

v.

                                                           Case No. 2:19-cv-2010-MSN-dkv

MMHI (MEMPHIS MENTAL HEALTH
INSTITUTION),

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION FOR *SUE SPONTE* DISMISSAL

Before the Court is the Magistrate Judge's Report and Recommendation for *Sue Sponte* Dismissal, dated March 8, 2019 ("**Report**"). (ECF No. 7.) The Report recommends that Plaintiff Michael Mattox's *pro se* Complaint against Defendant "MMHI (Memphis Mental Health Institution)" ("MMHI") be dismissed *sue sponte*. (*Id.*) Plaintiff filed an objection March 25, 2019. (ECF No. 8.)

For the following reasons, Plaintiff's objection is **OVERRULED**. The Report is **ADOPTED**. All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On January 2, 2019, Plaintiff, Michael Mattox, filed a *pro se* Complaint against MMHI titled "Injunction Lawsuit." (ECF No. 1.) Mattox asserts that MMHI "work with the Memphis Police Department and kidnapped . . . [him] several times between the years of 2016 thru [sic] 2018." (ECF No. 1 at PageID 1.) Mattox alleges that he was "attacked in blindspots"; "forced to take involuntary shots of medicine"; "was placed in physical restraints of the arms and legs . . .

which resulted as physical coercion"; "experienced psychological coercion" because he was "required to speak to be discharged from MMHI"; and that MMHI "stopped social workers [from] sending out . . . [his] legal mail." (*Id.* at PageID 1–2). Further, Mattox alleges that "MMHI stole and did not return" several items from him, and "[u]nder compulsion & anxiety to be release[d]," Mattox "signed a contract that [he] did receive those items back without checking that all [his] property was returned." (*Id.* at PageID 2.) Finally, Mattox claims that MMHI committed the following constitutional violations:

> 1st constitutional amendment freedom of speech; freedom not to speak;
> 5th & 14th constitutional amendments of due process - denial of access to courts; deprived of life, liberty & pursuit of happiness
> 8th constitutional amendment cruel & unusual punishment;
> 13th constitutional amendment slavery.

(*Id.*)

Mattox seeks compensatory damages in the amount of three zillion dollars for mental anguish, emotional pain and suffering, and physical pain and suffering; punitive damages in the amount of one zillion dollars; and injunctive relief in the form of a court order requiring "body cameras for all employees for protection of patients in blind spots" and instating Mattox as the "Chief Executive Officer & President over MMHI." (*Id.*)

The Report construes Mattox's "Injunction Lawsuit" as a complaint against MMHI pursuant to 42 U.S.C. § 1983 for violations of the Firth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. (ECF No. 7 at PageID 17.) The Report finds that MMHI is an agency of the State of Tennessee, and therefore, a suit against MMHI is actually a suit against the State of Tennessee. (*Id.*) The Report further finds that the Eleventh Amendment bars suits against state agencies and suits in which the state itself is named as a defendant because a state is not a person within the meaning of 42 U.S.C. § 1983. (*Id.*)

2

With regards to Mattox's claims for injunctive relief, the Report finds that Tennessee has not waived its sovereign immunity, and that the *Ex parte Young* exception does not apply in this case. (*Id.* at PageID 19.) The Report therefore recommends dismissal of Mattox's injunctive relief claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

As to Mattox's claims for damages, the Report finds that "Tennessee has not waived its sovereign immunity" and that "Mattox has not asserted that MMHI violated a federal statute that abrogates Tennessee's immunity in this action." (*Id.* at PageID 21–22.) Accordingly, the Report recommends dismissal of Mattox's "claims for compensatory and punitive damages pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief." (*Id.* at PageID 22.)

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *accord Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

Mattox presents three numbered paragraphs in his one-page submission titled "Objections, complaint name change and new injunction." (ECF No. 8.) In paragraph one, Mattox states his objection "will be the original complaint where [I] state the claims and all constitutional violations impose[d] on [I], the plaintiff, [M]ichael [M]attox." (*Id.*)

Mattox's objection does not explain how the Report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Mattox merely incorporates by reference his claims previously presented and addressed by the Magistrate Judge. *See Howard*,

932 F.2d at 509. Because Mattox's objection reiterates the claims presented to the Magistrate Judge, the Court may review the Report for clear error. *See Verdone*, 2018 WL 1516918, at *2.

The Court has reviewed the Report for clear error and finds none. Accordingly, Mattox's objection is **OVERRULED**.

Mattox's second paragraph asks to change the name of the pleading to name the "[U]nited [S]tates of [A]merica . . . via [MMHI]" as Defendant in this matter. (ECF No. 8.) Mattox's final paragraph asks for a "[n]ew injunction to make . . . [M]attox . . . [P]resident of the [U]nited [S]tates of [A]merica . . . ." (*Id.*) The Court construes this as a request for leave to amend pursuant to Fed. R. Civ. P. 15(a).

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should normally be granted unless there is some "apparent or declared reason" not to allow the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason for not allowing an amendment is that the amendment would be futile. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

The Court finds that Mattox's proposed amendment would be futile. Mattox seeks to amend his Complaint to name the United States as a defendant. (ECF No. 8.) Section 1983 claims are unavailable against federal defendants due to that section's state action requirement. 42 U.S.C. § 1983. A *Bivens* action, providing a cause of action against federal officers under the Constitution, is available against federal officials. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, *Bivens* actions are available only against

individual federal officials, not against the United States. *Shaner v. U.S.*, 976 F.2d 990, 994 (6th Cir. 1992) (citing *Ashbrook v. Block*, 917 F.2d 918 924 (6th Cir. 1990)). Accordingly, Mattox's proposed amendment is futile because after amendment, the Complaint could not withstand a Rule 12(b)(6) motion to dismiss, and therefore, the request for leave to amend is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's objection is **OVERRULED**. The Report is **ADOPTED**. All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of March, 2019.

        s/ Mark S. Norris
        MARK S. NORRIS
        UNITED STATES DISTRICT JUDGE